JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS

CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLA.NTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Marin County

## DEFENDANTS

HAPPY DRAGON; ZHI GUANG CEN and JANET LI ZHEN HE, husband and wife; and CHENG SANDY X HONG, an individual dba HAPPY DRAGON CHINESE RESTAURANT ➕

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

San Francisco County

**(C)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas E. Frankovich, APLC
2806 Van Ness Ave., S.F., CA 94109  (415) 674-8600

ATTORNEYS (IF KNOWN)

Unknown

**ORIGINAL**

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐1 U.S. Government Plaintiff

☒3 Federal Question
(U.S. Government Not a Party)

☐2 U.S. Government Defendant

☐4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF

(For diversity cases only) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ Original Proceeding
☐2 Removed from State Court
☐3 Remanded from Appellate Court
☐4 Reinstated or Reopened
☐5 Transfered from Another district (specify)
☐6 Multidistrict Litigation
☐7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product | Med Malpractice | ☐625 Drug Related Seizure of | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | Liability | ☐365 Personal Injury | Property 21 USC 881 | | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment | ☐320 Assault Libel & | Product Liability | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐460 Deportation |
| & Enforcement of | Slander | ☐368 Asbestos Personal | ☐640 RR & Truck | | ☐470 Racketeer Influenced and |
| Judgment | ☐330 Federal Employers | Injury Product Liability | ☐650 Airline Regs | ☐820 Copyrights | Corrupt Organizations |
| ☐151 Medicare Act | Liability | | ☐660 Occupational | ☐830 Patent | ☐480 Consumer Credit |
| ☐152 Recovery of Defaulted | ☐340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐840 Trademark | ☐490 Cable/Satellite TV |
| Student Loans (Excl | ☐345 Marine Product | ☐370 Other Fraud | ☐690 Other | | ☐810 Selective Service |
| Veterans) | Liability | ☐371 Truth In Lending | **LABOR** | **SOCIAL SECURITY** | ☐850 Securities/Commodities/ |
| ☐153 Recovery of Overpayment | ☐350 Motor Vehicle | ☐380 Other Personal | | | Exchange |
| of Veteran's Benefits | ☐355 Motor Vehicle | Property Damage | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐875 Customer Challenge |
| ☐160 Stockholders Suits | Product Liabiltiy | ☐385 Property Damage | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury | Product Liability | ☐730 Labor/Mgmt Reporting & | ☐863 DIWC/DIWW (405(g)) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability | | | Disclosure Act | ☐864 SSID Title XVI | ☐892 Economic Stabilization |
| ☐196 Franchise | | | ☐740 Railway Labor Act | ☐865 RSI (405(g)) | Act |
| | | | ☐790 Other Labor Litigation | | ☐893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐791 Empl.Ret. Inc. Security | **FEDERAL TAX SUITS** | ☐894 Energy Allocation Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate | Act | ☐870 Taxes (US Plaintiff or | ☐895 Freedom of Information |
| ☐220 Foreclosure | ☐442 Employment | Sentence Habeas Corpus: | | Defendant | Act |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐530 General | | ☐871 IRS - Third Party | ☐900 Appeal of Fee |
| ☐240 Torts to Land | ☐444 Welfare | ☐535 Death Penalty | | 26 USC 7609 | Determination Under |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐540 Mandamus & Other | | | Equal Access to Justice |
| ☐290 All Other Real Property | ☐445 Amer w/ disab - Empl | ☐550 Civil Rights | | | ☐950 Constitutionality of State |
| | ☐446 Amer w/ disab - Other | ☐555 Prison Condition | | | Statutes |
| | | | | | ☐890 Other Statutory Actions |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Americans with Disabilities Act of 1990 (42 U.S.C. 12101 et seq.)

## VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION      DEMAND $_____ ☐ CHECK YES only if demanded in complaint:

UNDER F.R.C.P. 23      JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)

(PLACE AND "X" IN ONE BOX ONLY)      ☐ SAN FRANCISCO/OAKLAND      ☐ SAN JOSE

DATE  6/12/08      SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:   415/674-8600
4  Facsimile:   415/674-9900

5  Attorneys for Plaintiffs
   CRAIG YATES
6  and DISABILITY RIGHTS
   ENFORCEMENT, EDUCATION,
7  HELP OTHERS

**FILED**

JUL - 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*E-filing*

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

**BZ**

11  CRAIG YATES, an individual; and              )  CASE NO.        **3183**
    DISABILITY RIGHTS, ENFORCEMENT,  )  Civil Rights
12  EDUCATION, SERVICES:HELPING YOU)
    HELP OTHERS, a California public benefit )   **COMPLAINT FOR INJUNCTIVE RELIEF**
13  corporation,                                 )   **AND DAMAGES:**
                                                 )
14          Plaintiffs,                          )   **1st CAUSE OF ACTION:** For Denial of Access
                                                 )   by a Public Accommodation in Violation of the
15  v.                                           )   Americans with Disabilities Act of 1990 (42
                                                 )   U.S.C. §12101, *et seq.*)
16  HAPPY DRAGON: ZHI GUANG CEN and )
    JANET LI ZHEN HE, husband and wife;  )   **2nd CAUSE OF ACTION:** For Denial of Full
17  and CHENG SANDY X HONG, an            )   and Equal Access in Violation of California
    individual dba HAPPY DRAGON          )   Civil Code §§54, 54.1 and 54.3
18  CHINESE RESTAURANT,                  )
                                                 )   **3rd CAUSE OF ACTION:** For Denial of
19          Defendants.                          )   Accessible Sanitary Facilities in Violation of
                                                 )   California Health & Safety Code §19955, *et seq.*
20  _____)
                                             **4th CAUSE OF ACTION:** For Denial of
21                                           Access to Full and Equal Accommodations,
                                             Advantages, Facilities, Privileges and/or
22                                           Services in Violation of California Civil Code
                                             §51, *et seq.* (The Unruh Civil Rights Act)
23

24

25                                           **DEMAND FOR JURY**

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1　Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2　EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3　corporation (hereinafter sometimes referred to as "DREES"), complain of defendants

4　ZHI GUANG CEN and JANET LI ZHEN HE, husband and wife; and CHENG SANDY X

5　HONG, an individual dba HAPPY DRAGON CHINESE RESTAURANT and allege as follows:

6　**INTRODUCTION:**

7　　　　1.　　　This is a civil rights action for discrimination against persons with physical

8　disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are

9　members, for failure to remove architectural barriers structural in nature at defendants' HAPPY

10　DRAGON, a place of public accommodation, thereby discriminatorily denying plaintiffs and the

11　class of other similarly situated persons with physical disabilities access to, the full and equal

12　enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and

13　accommodations thereof. Plaintiffs seek injunctive relief and damages pursuant to the

14　Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

15　51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

16　　　　2.　　　Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

17　September 16, 2007, January 24, 2008, February 17, 2008, March 6, 2008, March 24, 2008,

18　April 3, 2008, April 16, 2008 and May 22, 2008, was an invitee, guest, patron, customer at

19　defendants' HAPPY DRAGON, in the City of San Francisco, California. At said time and place,

20　defendants failed to provide proper legal access to the restaurant, which is a "public

21　accommodation" and/or a "public facility" including, but not limited to the entry doors, men's

22　restroom and women's restroom . The denial of access was in violation of both federal and

23　California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights

24　to full and equal access, and was embarrassed and humiliated.

25　///

26　///

27　///

28　///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 **JURISDICTION AND VENUE:**

2     3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.

3 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

4 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

5 nucleus of operative facts and arising out of the same transactions, are also brought under parallel

6 California law, whose goals are closely tied with the ADA, including but not limited to violations

7 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

8 *seq.*, including §19959; Title 24 California Building Standards Code.

9     4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

10 founded on the facts that the real property which is the subject of this action is located at/near

11 3608 Balboa Street, in the City and County of San Francisco, State of California, and that

12 plaintiffs' causes of action arose in this county.

13 **PARTIES:**

14     5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically

15 disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

16 disabled", "physically handicapped" and "person with physical disabilities" are used

17 interchangeably, as these words have similar or identical common usage and legal meaning, but

18 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

19 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

20 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

21 CRAIG YATES is a "person with physical disabilities", as defined by all applicable California

22 and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a

23 wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that

24 portion of the public whose rights are protected by the provisions of Health & Safety Code

25 §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped

26 Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the

27 Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.

28 §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       6.     Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

2  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

3  with persons with disabilities to empower them to be independent in American society. DREES

4  accomplishes its goals and purposes through education on disability issues, enforcement of the

5  rights of persons with disabilities, and the provision of services to persons with disabilities, the

6  general public, public agencies and the private business sector. DREES brings this action on

7  behalf of its members, many of whom are persons with physical disabilities and whom have

8  standing in their right to bring this action.

9       7.     That members of DREES, like plaintiff CRAIG YATES, will or have been guests

10  and invitees at the subject HAPPY DRAGON, and that the interests of plaintiff DREES in

11  removing architectural barriers at the subject Chinese Restaurant advance the purposes of

12  DREES to assure that all public accommodations, including the subject Chinese Restaurant, are

13  accessible to independent use by mobility-impaired persons. The relief sought by plaintiff

14  DREES as alleged herein is purely statutory in nature.

15       8.     Defendants ZHI GUANG CEN and JANET LI ZHEN HE, husband and wife; and

16  CHENG SANDY X HONG, an individual dba HAPPY DRAGON CHINESE RESTAURANT

17  (hereinafter alternatively collectively referred to as "defendants") are the owners and operators,

18  lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public

19  accommodation known as HAPPY DRAGON, located at/near 3608 Balboa Street, San

20  Francisco, California, or of the building and/or buildings which constitute said public

21  accommodation.

22       9.     At all times relevant to this complaint, defendants ZHI GUANG CEN and JANET

23  LI ZHEN HE, husband and wife; and CHENG SANDY X HONG, an individual dba HAPPY

24  DRAGON CHINESE RESTAURANT, own and operate in joint venture the subject HAPPY

25  DRAGON as a public accommodation. This business is open to the general public and conducts

26  business therein. The business is a "public accommodation" or "public facility" subject to the

27  requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955,

28  *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1    10.    At all times relevant to this complaint, defendants ZHI GUANG CEN and JANET

2   LI ZHEN HE, husband and wife; and CHENG SANDY X HONG, an individual dba HAPPY

3   DRAGON CHINESE RESTAURANT are jointly and severally responsible to identify and

4   remove architectural barriers at the subject HAPPY DRAGON pursuant to Code of Federal

5   Regulations title 28, section 36.201(b), which states in pertinent part:

6           **§ 36.201    General**

7               (b) *Landlord and tenant responsibilities.* Both the landlord
                who owns the building that houses a place of public
8               accommodation and the tenant who owns or operates the place of
                public accommodation are public accommodations subject to the
9               requirements of this part. As between the parties, allocation of
                responsibility for complying with the obligations of this part may
10              be determined by lease or other contract.

11              28 CFR §36.201(b)

12  **PRELIMINARY FACTUAL ALLEGATIONS:**

13    11.    The HAPPY DRAGON, is a Chinese Restaurant, located at/near 3608 Balboa

14  Street, California. The HAPPY DRAGON, its entry doors, men's restroom, women's restroom,

15  and its other facilities are each a "place of public accommodation or facility" subject to the

16  barrier removal requirements of the Americans with Disabilities Act. On information and belief,

17  each such facility has, since July 1, 1970, undergone "alterations, structural repairs and

18  additions", each of which has subjected the HAPPY DRAGON and each of its facilities, its entry

19  doors, men's restroom, women's restroom to disability access requirements per the Americans

20  with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of

21  regulations (Title 24).

22    12.    At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

23    13.    At all times referred to herein and continuing to the present time, defendants, and

24  each of them, advertised, publicized and held out the HAPPY DRAGON as being handicapped

25  accessible and handicapped usable.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

1    14.    On or about September 16, 2007, January 24, 2008, February 17, 2008, March 6,
2  2008, March 24, 2008,  April 3, 2008, April 16, 2008 and May 22, 2008, plaintiff CRAIG
3  YATES was an invitee and guest at the subject HAPPY DRAGON, for the purposes of having
4  food and beverage.

5    15.    On or about September 16, 2007, plaintiff CRAIG YATES attempted to enter the
6  HAPPY DRAGON and struggled with the double doors leading into the HAPPY DRAGON
7  because of the excessive door pressure. Plaintiff CRAIG YATES stressed and strained himself
8  in the process of attempting to open said doors.

9    16.    At said time and place, plaintiff CRAIG YATES had needed to use an accessible
10  restroom.  Whether it was a men's or women's restroom, it did not matter access was the only
11  consideration. Plaintiff CRAIG YATES attempted to use the men's restroom but could not
12  access it because the doorway was too narrow and the restroom was too small.

13    17.    On or about January 24, 2008 and February 17, 2008, plaintiff CRAIG YATES
14  again patronized HAPPY DRAGON.  Plaintiff CRAIG YATES struggled on both occasions with
15  the double doors, and on both occasions plaintiff could not access the men's restroom.

16    18.    On or about March 3, 2008, plaintiff CRAIG YATES wrote both the landlord and
17  the tenant about the access issues.  Plaintiff CRAIG YATES even provided the defendants' the
18  sources to secure information so as to identify and remove architectural barriers.  Plaintiff
19  CRAIG YATES never received a response.

20    19.    On or about March 6, 2008, March 24, 2008 and April 3, 2008, plaintiff CRAIG
21  YATES once again patronized HAPPY DRAGON.  Plaintiff CRAIG YATES encountered the
22  same entry door problems and the same inaccessible men's restroom on all three (3) occasions.
23  Plaintiff CRAIG YATES did notice that the women's restroom might be bigger and more usable.
24  Plaintiff CRAIG YATES did note that if the restroom door swings into the restroom that might
25  make the restroom more usable.

26  ///

27  ///

28  ///

1    20.    On or about April 16, 2008, plaintiff CRAIG YATES returned to HAPPY

2    DRAGON to determine if any barriers had been removed. No remedial work had been done.

3    Plaintiff CRAIG YATES still fought the door pressure of the front double doors. When plaintiff

4    CRAIG YATES attempted to find an accessible restroom, plaintiff CRAIG YATES found that

5    nothing had been done. Plaintiff CRAIG YATES still could not access a restroom. However,

6    the door to the women's restroom was partly ajar and it appeared to plaintiff CRAIG YATES that

7    it was quite large.

8    21.    On or about May 13, 2008, plaintiff CRAIG YATES again wrote the landlord and

9    the tenant. Plaintiff CRAIG YATES asked them to determine if the women's restroom was more

10   conducive to use as an accessible unisex restroom. Plaintiff CRAIG YATES asked for an

11   immediate response. Plaintiff CRAIG YATES never received any response.

12   22.    On or about May 22, 2008, plaintiff CRAIG YATES returned to the HAPPY

13   DRAGON RESTAURANT. Plaintiff CRAIG YATES still encountered excessive front door

14   pressure and the lack of an inaccessible restroom. It appeared that no consideration had been

15   given to have a disable person use the women's restroom.

16   23.    Therefore, at said time(s) and place, plaintiff CRAIG YATES, a person with a

17   disability, encountered the following inaccessible elements of the subject HAPPY DRAGON

18   which constituted architectural barriers and a denial of the proper and legally-required access to a

19   public accommodation to persons with physical disabilities including, but not limited to:

20           a.    lack of directional signage to show accessible routes of travel, i.e.
                   to the restrooms;
21
             b.    lack of an accessible entrance due to excessive door pressure;
22
             c.    lack of a handicapped-accessible women's public restroom;
23
             d.    lack of a handicapped-accessible men's public restroom;
24
             e.    lack of an (ISA) symbol of access; and
25
             f.    On personal knowledge, information and belief, other public facilities and
26                 elements too numerous to list were improperly inaccessible for use by
                   persons with physical disabilities.
27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

24. At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

25. On or about March 3, 2008 and May 13, 2008, defendant(s) were sent four (4) letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

26. At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.

27. As a legal result of defendants ZHI GUANG CEN and JANET LI ZHEN HE, husband and wife; and CHENG SANDY X HONG, an individual dba HAPPY DRAGON CHINESE RESTAURANT's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

28. As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1    29.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
2   mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
3   embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
4   person with physical disabilities being denied access, all to his damages as prayed hereinafter in
5   an amount within the jurisdiction of this court. No claim is being made for mental and emotional
6   distress over and above that usually associated with the discrimination and physical injuries
7   claimed, and no expert testimony regarding this usual mental and emotional distress will be
8   presented at trial in support of the claim for damages.

9    30.    Defendants', and each of their, failure to remove the architectural barriers
10  complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
11  accommodation, and continues to create continuous and repeated exposure to substantially the
12  same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

13   31.    Plaintiff CRAIG YATES and the membership of DREES were denied their rights
14  to equal access to a public facility by defendants ZHI GUANG CEN and JANET LI ZHEN HE,
15  husband and wife; and CHENG SANDY X HONG, an individual dba HAPPY DRAGON
16  CHINESE RESTAURANT, because defendants ZHI GUANG CEN and JANET LI ZHEN HE,
17  husband and wife; and CHENG SANDY X HONG, an individual dba HAPPY DRAGON
18  CHINESE RESTAURANT maintained a Chinese Restaurant without access for persons with
19  physical disabilities to its facilities, including but not limited to the entry doors, men's restroom
20  and women's restroom , and other public areas as stated herein, and continue to the date of filing
21  this complaint to deny equal access to plaintiffs and other persons with physical disabilities in
22  these and other ways.

23   32.    On information and belief, construction alterations carried out by defendants have
24  also triggered access requirements under both California law and the Americans with Disabilities
25  Act of 1990.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1    33.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the HAPPY
2  DRAGON to be made accessible to meet the requirements of both California law and the
3  Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants
4  operate the HAPPY DRAGON as a public facility.

5    34.    Plaintiffs seek damages for violation of their civil rights on September 16, 2007,
6  January 24, 2008, February 17, 2008, March 6, 2008, March 24, 2008, April 3, 2008, April 16,
7  2008 and May 22, 2008 and they seek statutory damages of not less than $4,000, pursuant to Civil
8  Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that
9  the trier of fact (court/jury) determines was the date that some or all remedial work should have
10  been completed under the standard that the landlord and tenant had an ongoing duty to identify
11  and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff
12  CRAIG YATES from returning to the subject public accommodation because of his knowledge
13  and/or belief that neither some or all architectural barriers had been removed and that said
14  premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

15    35.    On information and belief, defendants have been negligent in their affirmative duty
16  to identify the architectural barriers complained of herein and negligent in the removal of some or
17  all of said barriers.

18    36.    Because of defendants' violations, plaintiffs and other persons with physical
19  disabilities are unable to use public facilities such as those owned and operated by defendants on a
20  "full and equal" basis unless such facility is in compliance with the provisions of the Americans
21  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
22  other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling
23  defendants to make the HAPPY DRAGON  accessible to persons with disabilities.

24    37.    On information and belief, defendants have intentionally undertaken to modify and
25  alter existing building(s), and have failed to make them comply with accessibility requirements
26  under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each
27  of them, in failing to provide the required accessible public facilities at

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1  the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and
2  despicable conduct carried out by defendants, and each of them, with a willful and conscious
3  disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a
4  trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more
5  profound example of defendants, and each of them, to other operators of other restaurants and
6  other public facilities, and to punish defendants and to carry out the purposes of the Civil Code
7  §§ 51, 51.5 and 54.

8       38.    Plaintiffs are informed and believe and therefore allege that defendants
9  ZHI GUANG CEN and JANET LI ZHEN HE, husband and wife; and CHENG SANDY X
10 HONG, an individual dba HAPPY DRAGON CHINESE RESTAURANT, and each of them,
11 caused the subject building(s) which constitute the HAPPY DRAGON to be constructed, altered
12 and maintained in such a manner that persons with physical disabilities were denied full and equal
13 access to, within and throughout said building(s) of the HAPPY DRAGON and were denied full
14 and equal use of said public facilities. Furthermore, on information and belief, defendants have
15 continued to maintain and operate said restaurant and/or its building(s) in such conditions up to
16 the present time, despite actual and constructive notice to such defendants that the configuration
17 of HAPPY DRAGON and/or its building(s) is in violation of the civil rights of persons with
18 physical disabilities, such as plaintiff CRAIG YATES, the membership of plaintiff DREES and
19 the disability community which DREES serves. Such construction, modification, ownership,
20 operation, maintenance and practices of such public facilities are in violation of Civil Code §§51,
21 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

22      39.    On personal knowledge, information and belief, the basis of defendants' actual and
23 constructive notice that the physical configuration of the facilities including, but not limited to,
24 architectural barriers constituting the HAPPY DRAGON and/or building(s) was in violation of
25 the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited
26 to, communications with invitees and guests, plaintiff CRAIG YATES himself, sponsors of
27 conferences, owners of other restaurants, hotels, motels and businesses, notices they obtained
28 from governmental agencies upon modification, improvement, or substantial repair of the subject

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1 premises and other properties owned by these defendants, newspaper articles and trade
2 publications regarding the Americans with Disabilities Act of 1990 and other access laws, public
3 service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and
4 other similar information. Defendants' failure, under state and federal law, to make the HAPPY
5 DRAGON accessible is further evidence of defendants' conscious disregard for the rights of
6 plaintiff and other similarly situated persons with disabilities. Despite being informed of such
7 effect on plaintiff and other persons with physical disabilities due to the lack of accessible
8 facilities, defendants, and each of them, knowingly and willfully refused to take any steps to
9 rectify the situation and to provide full and equal access for plaintiffs and other persons with
10 physical disabilities to the restaurant. Said defendants, and each of them, have continued such
11 practices, in conscious disregard for the rights of plaintiffs and other persons with physical
12 disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants had
13 further actual knowledge of the architectural barriers referred to herein by virtue of the demand
14 letter addressed to the defendants and served concurrently with the summons and complaint. Said
15 conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with
16 physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety
17 of plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per
18 Civil Code §§52 and 54.3.

19      40.      Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and
20 the disability community which it serves, consisting of persons with disabilities, would, could and
21 will return to the subject public accommodation when it is made accessible to persons with
22 disabilities.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants ZHI GUANG CEN and JANET LI ZHEN HE, husband and wife; and CHENG SANDY X HONG, an individual dba HAPPY DRAGON CHINESE RESTAURANT, inclusive)
(42 U.S.C. §12101, *et seq.*)

41.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 40 of this complaint.

42.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

43.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///

///

///

///

1      44.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3  Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

4  accommodations identified for purposes of this title was:

5            (7)    PUBLIC ACCOMMODATION - The following private
              entities are considered public accommodations for purposes of this
6            title, if the operations of such entities affect commerce -

                      ---

7                  (B) a restaurant, bar or other establishment serving food or drink.

8            42 U.S.C. §12181(7)(B)

9      45.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

10  on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

11  privileges, advantages, or accommodations of any place of public accommodation by any person

12  who owns, leases, or leases to, or operates a place of public accommodation".

13      46.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

14  42 U.S.C. §12182(b)(2)(a) are:

15            (I)    the imposition or application of eligibility criteria
16            that screen out or tend to screen out an individual with a disability
              or any class of individuals with disabilities from fully and equally
17            enjoying any goods, services, facilities, privileges, advantages, or
              accommodations, unless such criteria can be shown to be necessary
18            for the provision of the goods, services, facilities, privileges,
              advantages, or accommodations being offered;

19            (ii)    a failure to make reasonable modifications in
20            policies, practices, or procedures, when such modifications are
              necessary to afford such goods, services, facilities, privileges,
21            advantages or accommodations to individuals with disabilities,
              unless the entity can demonstrate that making such modifications
22            would fundamentally alter the nature of such goods, services,
              facilities, privileges, advantages, or accommodations;

23            (iii)    a failure to take such steps as may be necessary to
24            ensure that no individual with a disability is excluded, denied
              services, segregated or otherwise treated differently than other
25            individuals because of the absence of auxiliary aids and services,
              unless the entity can demonstrate that taking such steps would
26            fundamentally alter the nature of the good, service, facility,
              privilege, advantage, or accommodation being offered or would
27            result in an undue burden;

///

28

1

2

        (iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

3

4

5

        (v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

6 The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public

7 Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

8 January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

9 §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

10       47.     The removal of the barriers complained of by plaintiffs as hereinabove alleged was

11 at all times after January 26, 1992 "readily achievable" as to the subject building(s) of HAPPY

12 DRAGON pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the

13 removal of all the barriers complained of herein together was not "readily achievable," the

14 removal of each individual barrier complained of herein was "readily achievable." On

15 information and belief, defendants' failure to remove said barriers was likewise due to

16 discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

17 (b)(2)(A)(i)and (ii).

18       48.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

19 accomplishable and able to be carried out without much difficulty or expense." The statute

20 defines relative "expense" in part in relation to the total financial resources of the entities

21 involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that

22 plaintiffs complain of herein were and are "readily achievable" by the defendants under the

23 standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

24 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

25 make the required services available through alternative methods which were readily achievable.

26       49.     On information and belief, construction work on, and modifications of, the subject

27 building(s) of HAPPY DRAGON  occurred after the compliance date for the Americans with

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

1 Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of
2 the ADA.

3      50.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
4 *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
5 Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the
6 basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs
7 are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from
8 returning to or making use of the public facilities complained of herein so long as the premises
9 and defendants' policies bar full and equal use by persons with physical disabilities.

10      51.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
11 disability to engage in a futile gesture if such person has actual notice that a person or
12 organization covered by this title does not intend to comply with its provisions". Pursuant to this
13 section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about
14 May 22, 2008, but on information and belief, alleges that defendants have continued to violate the
15 law and deny the rights of plaintiffs and of other persons with physical disabilities to access this
16 public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
17 §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
18 facilities readily accessible to and usable by individuals with disabilities to the extent required by
19 this title."

20      52.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights
21 Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement
22 the Americans with Disabilities Act of 1990, including but not limited to an order granting
23 injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being
24 deemed to be the prevailing party.

25 ///

26 ///

27 ///

28 ///

1        Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2   **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
            IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
3        (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
            EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
4        corporation, and Against Defendants ZHI GUANG CEN and JANET LI ZHEN HE,
            husband and wife; and CHENG SANDY X HONG, an individual dba HAPPY DRAGON
5        CHINESE RESTAURANT, inclusive)
            (California Civil Code §§54, 54.1, 54.3, *et seq.*)

6
        53.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the
7
    allegations contained in paragraphs 1 through 52 of this complaint.
8
        54.    At all times relevant to this action, California Civil Code §54 has provided that
9
    persons with physical disabilities are not to be discriminated against because of physical handicap
10
    or disability. This section provides that:
11
                    (a) Individuals with disabilities . . . have the same rights as
12              the general public to full and free use of the streets, highways,
                sidewalks, walkways, public buildings, medical facilities, including
13              hospitals, clinics, and physicians' offices, and other public places.

14      55.    California Civil Code §54.1 provides that persons with disabilities shall not be

15  denied full and equal access to places of public accommodation or facilities:

16                  (a)(1) Individuals with disabilities shall be entitled to full
                and equal access, as other members of the general public, to
17              accommodations, advantages, facilities, medical facilities, including
                hospitals, clinics, and physicians' offices, and privileges of all
18              common carriers, airplanes, motor vehicles, railroad trains,
                motorbuses, streetcars, boats, or any other public conveyances or
19              modes of transportation (whether private, public, franchised,
                licensed, contracted, or otherwise provided), telephone facilities,
20              adoption agencies, private schools, hotels, lodging places, places of
                public accommodation, amusement or resort, and other places to
21              which the general public is invited, subject only to the conditions
                and limitations established by law, or state or federal regulation, and
22              applicable alike to all persons.

23              Civil Code §54.1(a)(1)

24  ///

25  ///

26  ///

27  ///

28  ///

1    56.    California Civil Code §54.1 further provides that a violation of the Americans with

2   Disabilities Act of 1990 constitutes a violation of section 54.1:

3               (d) A violation of the right of an individual under the
                Americans with Disabilities Act of 1990 (Public Law 101-336) also
4               constitutes a violation of this section, and nothing in this section
                shall be construed to limit the access of any person in violation of
5               that act.

6          Civil Code §54.1(d)

7    57.    Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons

8   within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by

9   the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific

10  architectural barrier which defendants knowingly and willfully fail and refuse to remove

11  constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiffs have been and

12  continue to be denied full and equal access to defendants' HAPPY DRAGON. As a legal result,

13  plaintiffs are entitled to seek damages pursuant to a court or jury determination, in accordance

14  with California Civil Code §54.3(a) for each day on which they visited or have been deterred from

15  visiting the HAPPY DRAGON because of their knowledge and belief that the restaurant is

16  inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

17              Any person or persons, firm or corporation, who denies or interferes
                with admittance to or enjoyment of the public facilities as specified
18              in Sections 54 and 54.1 or otherwise interferes with the rights of an
                individual with a disability under Sections 54, 54.1 and 54.2 is
19              liable for each offense for the actual damages and any amount as
                may be determined by a jury, or the court sitting without a jury, up
20              to a maximum of three times the amount of actual damages but in
                no case less than . . .one thousand dollars ($1,000) and . . .
21              attorney's fees as may be determined by the court in addition
                thereto, suffered by any person denied any of the rights provided in
22              Sections 54, 54.1 and 54.2.

23         Civil Code §54.3(a)

24    58.    On or about September 16, 2007, January 24, 2008, February 17, 2008, March 6,

25  2008, March 24, 2008, April 3, 2008, April 16, 2008 and May 22, 2008, plaintiff CRAIG YATES

26  suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was denied

27  access to entry doors, men's restroom and women's restroom and other public facilities as stated

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1 herein at the HAPPY DRAGON and on the basis that plaintiff CRAIG YATES was a person with
2 physical disabilities.

3        59.    As a result of the denial of equal access to defendants' facilities due to the acts and
4 omissions of defendants, and each of them, in owning, operating and maintaining these subject
5 public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to
6 rights under Civil Code §§54, 54.1 and 54.3.

7        60.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
8 anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
9 and worry, all of which are expectedly and naturally associated with a denial of access to a person
10 with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
11 omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are
12 persons or an entity that represents persons with physical disabilities and unable, because of the
13 architectural barriers created and maintained by the defendants in violation of the subject laws, to
14 use the public facilities hereinabove described on a full and equal basis as other persons.

15       61.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct
16 and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of
17 plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or
18 about September 16, 2007, January 24, 2008, February 17, 2008, March 6, 2008, March 24, 2008,
19 April 3, 2008, April 16, 2008 and May 22, 2008, and on a continuing basis since then, including
20 statutory damages, a trebling of all of actual damages, general and special damages available
21 pursuant to §54.3 of the Civil Code according to proof.

22       62.    As a result of defendants', and each of their, acts and omissions in this regard,
23 plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
24 plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical
25 disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
26 the provisions of Civil Code §54.3 and §55, plaintiffs therefore will seek recovery in this lawsuit
27 for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,
28 plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1  to compel the defendants to make their facilities accessible to all members of the public with

2  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

3  the provisions of §1021.5 of the Code of Civil Procedure.

4      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

5  **III.**    **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
        **FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955,** *ET. SEO.*
6      (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
    EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
7      corporation and Against Defendants ZHI GUANG CEN and JANET LI ZHEN HE,
    husband and wife; and CHENG SANDY X HONG, an individual dba HAPPY DRAGON
8      CHINESE RESTAURANT, inclusive)
    (Health & Safety Code §19955, *et seq.*)
9

10      63.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

11  allegations contained in paragraphs 1 through 62 of this complaint.

12      64.    Health & Safety Code §19955 provides in pertinent part:

13          The purpose of this part is to insure that public accommodations or
        facilities constructed in this state with private funds adhere to the
14          provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
        of Title 1 of the Government Code. For the purposes of this part
15          "public accommodation or facilities" means a building, structure,
        facility, complex, or improved area which is used by the general
16          public and shall include auditoriums, hospitals, theaters, restaurants,
        hotels, motels, stadiums, and convention centers. When sanitary
17          facilities are made available for the public, clients or employees in
        such accommodations or facilities, they shall be made available for
18          the handicapped.

19      65.    Health & Safety Code §19956, which appears in the same chapter as §19955,

20  provides in pertinent part, "accommodations constructed in this state shall conform to the

21  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

22  Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

23  public accommodations constructed or altered after that date. On information and belief, portions

24  of the HAPPY DRAGON and/or of the building(s) were constructed and/or altered after July 1,

25  1970, and substantial portions of the HAPPY DRAGON and/or the building(s) had alterations,

26  structural repairs, and/or additions made to such public accommodations after July 1, 1970,

27  thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5,

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

1 §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions
2 per Health & Safety Code §19959.

3      66.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
4 Architect promulgated regulations for the enforcement of these provisions. Effective July 1,
5 1982, Title 24 of the California Building Standards Code adopted the California State Architect's
6 Regulations and these regulations must be complied with as to any alterations and/or
7 modifications of the HAPPY DRAGON  and/or the building(s) occurring after that date.
8 Construction changes occurring prior to this date but after July 1, 1970 triggered access
9 requirements pursuant to the "ASA" requirements, the American Standards Association
10 Specifications, A117.1-1961. On information and belief, at the time of the construction and
11 modification of said building, all buildings and facilities covered were required to conform to
12 each of the standards and specifications described in the American Standards Association
13 Specifications and/or those contained in Title 24 of the California Building Standards Code.

14      67.    Restaurants  such as the HAPPY DRAGON are "public accommodations or
15 facilities" within the meaning of Health & Safety Code §19955, *et seq*.

16      68.    As a result of the actions and failure to act of defendants, and as a result of the
17 failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were
18 denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'
19 civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to
20 public facilities.

21      69.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
22 plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
23 plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with
24 physical disabilities and prohibiting discrimination against the persons with physical disabilities,
25 and to take such action both in plaintiffs' own interests and in order to enforce an important right
26 affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all
27 reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
28 §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21

1   and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs

2   and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

3   3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

4   party.

5        70.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of

6   them, to make the subject place of public accommodation readily accessible to and usable by

7   persons with disabilities.

8        Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

9   **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND**
        **EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
10      **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET***
        ***SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
11      (On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS, ENFORCEMENT,
        EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
12      corporation, and Against Defendants ZHI GUANG CEN and JANET LI  ZHEN HE,
        husband and wife; and CHENG SANDY X HONG, an individual dba HAPPY DRAGON
13      CHINESE RESTAURANT,  inclusive)
        (Civil Code §51, 51.5)

14       71.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

15  allegations contained in paragraphs 1 through 70 of this complaint.

16       72.    Defendants' actions and omissions and failure to act as a reasonable and prudent

17  public accommodation in identifying, removing and/or creating architectural barriers, policies,

18  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

19  Unruh Act provides:

20              This section shall be known, and may be cited, as the Unruh
21       Civil Rights Act.

22              All persons within the jurisdiction of this state are free and
         equal, and no matter what their sex, race, color, religion, ancestry,
23       national origin, or **disability** are entitled to the full and equal
         accommodations, advantages, facilities, privileges, or services in all
24       business establishments of every kind whatsoever.

25              This section shall not be construed to confer any right or
         privilege on a person that is conditioned or limited by law or that is
26       applicable alike to persons of every sex, color, race, religion,
         ancestry, national origin, or **disability.**
27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

1
2
3
4
5

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

6
7

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

8  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

9  "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

10 failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

11 failing to act to identify and remove barriers can be construed as a "negligent per se" act of

12 defendants, and each of them.

13      73.     The acts and omissions of defendants stated herein are discriminatory in nature and

14 in violation of Civil Code §51.5:

15
16
17
18

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

19
20

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

21
22
23
24
25
26

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

27      74.     Defendants' acts and omissions as specified have denied to plaintiffs full and equal

28 accommodations, advantages, facilities, privileges and services in a business establishment, on the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23

1  basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.

2  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the

3  right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)

4  shall also constitute a violation of this section". Plaintiffs accordingly incorporate the entirety of

5  their above cause of action for violation of the Americans with Disabilities Act at §41, *et seq*., as

6  if repled herein.

7      75.    As a legal result of the violation of plaintiff CRAIG YATES's  civil rights as

8  hereinabove described, plaintiff CRAIG YATES  has suffered general and statutory damages.

9      76.    Further, plaintiff CRAIG YATES emotional distress (all to plaintiff's damage

10  according to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs CRAIG YATES

11  and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling

12  of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"),

13  as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if

14  deemed to be the prevailing party.

15  **PRAYER:**

16      Plaintiffs pray that this court award damages and provide relief as follows:

17  **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
18  **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
    (On Behalf of Plaintiffs ZHI GUANG CEN and JANET LI  ZHEN HE, husband and wife;
19      and CHENG SANDY X HONG, an individual dba HAPPY DRAGON CHINESE
    RESTAURANT and DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
20      SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and
    Against Defendants ZHI GUANG CEN and JANET LI  ZHEN HE, husband and wife; and
21      CHENG SANDY X HONG, an individual dba HAPPY DRAGON CHINESE
    RESTAURANT, inclusive)
22      (42 U.S.C. §12101, *et seq.*)

23      1.    For injunctive relief, compelling defendants ZHI GUANG CEN and JANET LI

24  ZHEN HE, husband and wife; and CHENG SANDY X HONG, an individual dba HAPPY

25  DRAGON CHINESE RESTAURANT, inclusive, to make the HAPPY DRAGON, located at

26  3608 Balboa Street, San Francisco, California, readily accessible to and usable by individuals with

27  disabilities, per 42 U.S.C §12181, *et seq*., and to make reasonable modifications in policies,

28

1  practice, eligibility criteria and procedures so as to afford full access to the goods, services,

2  facilities, privileges, advantages and accommodations being offered.

3       2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

4  the prevailing party; and

5       3.      For such other and further relief as the court may deem proper.

6  **II.     PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
           EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
7  **        AND 54.3, *ET SEQ.***
           (On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS ENFORCEMENT,
8          EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
           corporation, and Against Defendants ZHI GUANG CEN and JANET LI  ZHEN HE,
9          husband and wife; and CHENG SANDY X HONG, an individual dba HAPPY DRAGON
           CHINESE RESTAURANT, inclusive)
10         (California Civil Code §§54, 54.1, 54.3, *et seq.*)

11      1.      For injunctive relief, compelling defendants ZHI GUANG CEN and JANET LI

12  ZHEN HE, husband and wife; and CHENG SANDY X HONG, an individual dba HAPPY

13  DRAGON CHINESE RESTAURANT, inclusive, to make the HAPPY DRAGON, located at

14  3608 Balboa Street, San Francisco, California, readily accessible to and usable by individuals with

15  disabilities, per state law.

16      2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

17  each occasion on which plaintiffs were deterred from returning to the subject public

18  accommodation.

19      3.      Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure

20  §1021.5, if plaintiffs are deemed the prevailing party;

21      4.      Treble damages pursuant to Civil Code §54.3;

22      5.      For all costs of suit;

23      6.      Prejudgment interest pursuant to Civil Code §3291;

24      7.      Such other and further relief as the court may deem just and proper.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

**III.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants ZHI GUANG CEN and JANET LI ZHEN HE, husband and wife; and CHENG SANDY X HONG, an individual dba HAPPY DRAGON CHINESE RESTAURANT, inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.   General and compensatory damages according to proof.

**IV.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants ZHI GUANG CEN and JANET LI ZHEN HE, husband and wife; and CHENG SANDY X HONG, an individual dba HAPPY DRAGON CHINESE RESTAURANT, inclusive)
(Health & Safety code §19955, *et seq.*)

1.   For injunctive relief, compelling defendants ZHI GUANG CEN and JANET LI ZHEN HE, husband and wife; and CHENG SANDY X HONG, an individual dba HAPPY DRAGON CHINESE RESTAURANT, inclusive, to make the HAPPY DRAGON, located at 3608 Balboa Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.   For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.   For all costs of suit;

4.   For prejudgment interest pursuant to Civil Code §3291;

5.   Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants ZHI GUANG CEN and JANET LI ZHEN HE, husband and wife; and CHENG SANDY X HONG, an individual dba HAPPY DRAGON CHINESE RESTAURANT, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.    Treble damages pursuant to Civil Code §52(a);

4.    For all costs of suit;

5.    Prejudgment interest pursuant to Civil Code §3291; and

6.    Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

**VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants ZHI GUANG CEN and JANET LI ZHEN HE, husband and wife; and CHENG SANDY X HONG, an individual dba HAPPY DRAGON CHINESE RESTAURANT, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    General and compensatory damages to plaintiff CRAIG YATES according to proof.

Dated: *June 12th*, 2008        THOMAS E. FRANKOVICH
                                *A PROFESSIONAL LAW CORPORATION*

By: _____
                                THOMAS E. FRANKOVICH
                                Attorneys for Plaintiffs CRAIG YATES and
                                DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
                                SERVICES:HELPING YOU HELP OTHERS, a California
                                public benefit corporation

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: *June 12th*, 2008        THOMAS E. FRANKOVICH
                                *A PROFESSIONAL LAW CORPORATION*

By: _____
                                THOMAS E. FRANKOVICH
                                Attorneys for Plaintiffs CRAIG YATES and
                                DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
                                SERVICES:HELPING YOU HELP OTHERS, a California
                                public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28

Recycled    Stock # R DOA-10-B

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

March 3, 2008

Manager
Happy Dragon
3608 Balboa St.
San Francisco, CA 94121

Dear Manager of Happy Dragon:

I've eaten at Happy Dragon a couple of times. I like the food. I use a wheelchair and when I tried to use the men's restroom, I found that it was not really usable by someone like me who uses a wheelchair. The doorway to the restroom is too narrow. Maybe you could do something to make it usable. I also had problems with the door pressure at the front double doors. Could you check it and reduce it?

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Happy Dragon once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

March 3, 2008

Owner of Building
Happy Dragon
3608 Balboa St.
San Francisco, CA 94121

Dear Owner of Building for Happy Dragon:

I've eaten at Happy Dragon a couple of times. I like the food. I use a wheelchair and
when I tried to use the men's restroom, I found that it was not really usable by someone like me
who uses a wheelchair. The doorway to the restroom is too narrow. Maybe you could do
something to make it usable. I also had problems with the door pressure at the front double
doors. Could you check it and reduce it?

I would really appreciate it if you would give me written assurance within the next two
weeks that you will take care of these problems within the next three months. I'd like a written
agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd
like to come back to Happy Dragon once it's accessible to me. I may still come back before you
do the work just because I like the place. If there is some problem doing this please let me
know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you
need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the
federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and
ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or
have someone do it for you.    You could also get a list of barriers common to places like yours
and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few
employees, that you can get a $10,000 tax credit to make your place accessible. That's a great
deal. You can get information on this from the two places I mentioned above. You should talk
to your accountant about it. Maybe your account already has this information or knows about it.

Thank you,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

May 13, 2008

Manager
Happy Dragon
3608 Balboa St.
San Francisco, CA 94121

Dear Manager of Happy Dragon:

Do you remember that I wrote both of you back on March 3, 2008? Because I did not get a reply to my letter and have been back to Happy Dragon, I thought I'd write you one last time.

I think I might have a real simple solution but I need your help. During my last couple of visits, the door to the women's restroom was open a few inches. I could kinda' see in it and it looked as though the women's restroom was bigger than the men's. Could you look at the women's restroom? If it is big enough, you could put grab bars in and make everything lower so it could be used by a person in a wheelchair. The door pushes in so a person in a chair could probably pull it open from the inside.

Would the two of you get together and see if that restroom could be made accessible? If so, then just change the signs and make each restroom a unisex restroom. All you need to do is check it out. That should take you a minute to do. If I'm guessing right, the work inside the women's should be simple and not cost much.

Lastly, can't you do something about those heavy doors? Adjust them or take the closers off and buy new ones.

I want you guys to talk to each other about this and write me a letter this week on looking into my suggestion.

Thank you,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

May 13, 2008

Owner of Building
Happy Dragon
3608 Balboa St.
San Francisco, CA 94121

Dear Owner of Building for Happy Dragon:

Do you remember that I wrote both of you back on March 3, 2008? Because I did not get a reply to my letter and have been back to Happy Dragon, I thought I'd write you one last time.

I think I might have a real simple solution but I need your help. During my last couple of visits, the door to the women's restroom was open a few inches. I could kinda' see in it and it looked as though the women's restroom was bigger than the men's. Could you look at the women's restroom? If it is big enough, you could put grab bars in and make everything lower so it could be used by a person in a wheelchair. The door pushes in so a person in a chair could probably pull it open from the inside.

Would the two of you get together and see if that restroom could be made accessible? If so, then just change the signs and make each restroom a unisex restroom. All you need to do is check it out. That should take you a minute to do. If I'm guessing right, the work inside the women's should be simple and not cost much.

Lastly, can't you do something about those heavy doors? Adjust them or take the closers off and buy new ones.

I want you guys to talk to each other about this and write me a letter this week on looking into my suggestion.

Thank you,

Craig Yates